1   H. Grant Law (SBN: 144505)
    hlaw@shb.com
2   Amir Nassihi (SBN: 235936)
    anassihi@shb.com
3   SHOOK, HARDY & BACON L.L.P.
    333 Bush Street, Suite 600
4   San Francisco, California  94104-2828
    Telephone:    415.544.1900
5   Facsimile:     415.391.0281

6   Attorneys for Defendant
    FORD MOTOR COMPANY

7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  PATRICIA ESCALANTE PEREZ,                     Case No. _____

13                   Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
                                                  BY DEFENDANT FORD MOTOR**
14         vs.                                    **COMPANY UNDER 28 U.S.C. §§ 1441,
                                                  1446 AND 1332 (DIVERSITY) AND**
15                                                **REQUEST FOR JURY TRIAL**
    FORD MOTOR COMPANY; and Does 1
16  through 100, inclusive,
                                                  Complaint filed: October 15, 2007
17                   Defendants

18

19

20      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**

21  **DISTRICT OF CALIFORNIA:**

22      **PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Removing

23  Defendant") hereby removes to this Court the action described below.

24      1.      On October 15, 2007, the Complaint was filed in Santa Cruz County Superior

25  Court, in the action entitled *Patricia Escalante Perez vs. Ford Motor Company, and Does 1*

26  *through 100, inclusive*, Case No. CV158374. A copy of the Complaint is attached as Exhibit A.

27

28

                                       - 1 -                    NOTICE TO U.S.D.C.
                                                               OF REMOVAL OF ACTION
    133152v1                                                   CASE NO. _____

1    2.    On November 9, 2007, CT Corporation received a copy of the Complaint and
2    Summons.  On November 13, 2007 Ford Motor Company received a copy of the Complaint.

3    3.    Pursuant to 28 U.S.C. section 1446, subdivision (b), this Notice of Removal is
4    timely filed within thirty (30) days of Defendant Ford Motor Company's receipt of notice of
5    Plaintiff's summons and Complaint.

6    4.    This action may be removed to this Court pursuant to 28 U.S.C. section 1441(b)
7    because this Court has original jurisdiction over this action pursuant to 28 U.S.C. section
8    1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest
9    and costs, and Plaintiff and Defendant are citizens of different states.

10    5.    According to Plaintiff's complaint, Plaintiff suffered catastrophic injures causing
11    permanent damage to Plaintiff's lower extremities.  Plaintiff seeks general damages, damages for
12    loss of earnings and earning capacity, past, present and future, medical and incidental expenses,
13    incidental and consequential expenses incurred, interest and/or pre-judgment interest on all
14    damages sought and/or incurred, and costs of suit.  (Complaint, Prayer, pp. 4-5.)  The totality of
15    the damages establishes that the amount in controversy meets the jurisdictional requirement.

16    6.    Removing Defendant is informed and believes that Plaintiff Patricia Escalante
17    Perez is and was at the time of filing of the Complaint a citizen of California.

18    7.    Removing Defendant is now, and was at the time of the filing of the Complaint, a
19    Delaware corporation with its principal place of business in Dearborn, Michigan.

20    8.    Removing Defendant reserves the right to amend or supplement this Notice of
21    Removal.

22    9.    A complete copy of all process, pleadings, and orders sent to Ford Motor
23    Company in this action is attached as Exhibit B.  *See* 28 U.S.C. § 1446(a).

24    10.    No further proceedings involving Ford Motor Company have occurred in the
25    Santa Cruz County Superior Court in this action as of the date of the filing of this Notice of
26    Removal.

27    11.    Removing Defendant has answered the Complaint in state court.

28

-2-

NOTICE TO U.S.D.C.
OF REMOVAL OF ACTION
CASE NO. _____

133152v1

12. This action was pending in Santa Cruz County Superior Court, requiring an initial intradistrict assignment to the San Jose Division.

13. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Santa Cruz.

14. Pursuant to 28 U.S.C. section 1446(d), Removing Defendant is providing written notice of removal to Plaintiff.

15. Removing Defendant requests a trial by jury on all issues so triable.

WHEREFORE, Defendant removes this action now pending against it in the Superior Court of the State of California, County of Santa Cruz, to this Honorable Court.

Dated: December 7, 2007

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
H. GRANT LAW
AMIR NASSIHI

Attorneys for Defendant
FORD MOTOR COMPANY

133152v1

**EXHIBIT A**

1  **WILCOXEN CALLAHAN MONTGOMERY & DEACON**
   WILLIAM M. LYONS, State Bar No.042558
2  2114 K Street
   Sacramento, CA 95816
3  Telephone:    916/442-2777
   Facsimile:    916/442-4118
4  Attorney for Plaintiff

F I L E D

OCT 1 5

ALEX CALVO, CLERK
BY KAREN LAI
DEPUTY, SANTA CRUZ COUNTY

5

6

7

8  SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

9
   PATRICIA ESCALANTE PEREZ,                   Case No.   *CU* 58374
10
                          Plaintiff,           COMPLAINT FOR PERSONAL INJURIES
11                                             (Damages in Excess of $25,000]
   v.
12
   FORD MOTOR COMPANY; and DOES 1
13 through 100, inclusive,

14                      Defendants.
                                         /
15

16               **FIRST CAUSE OF ACTION**

17       COMES NOW plaintiff, PATRICIA ESCALANTE PEREZ, and alleges as and for a first

18 cause of action against defendants, FORD MOTOR COMPANY and DOES 1 through 100 as

19 follows:

20 1.   At all times mentioned herein, defendants FORD MOTOR COMPANY was a company

21      and/or other business entity authorized to do business and/or doing business in the State of

22      California, County of Sacramento, and were the distributors and/or designers and/or

23      manufacturers of the subject vehicle set forth below.

24 2.   At all times mentioned herein, the damages and/or injuries incurred by Plaintiff occurred in

25      the County of Santa Cruz, State of California.

26 3.   The true names and capacities of defendants, and each of them, sued herein as DOES 1

27      through 100, inclusive, are presently unknown to Plaintiff who therefore sues said

28      defendants by such fictitious names, pursuant to Code of Civil Procedure §474. Plaintiff is

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

1  informed and believes and thereon alleges that the fictitiously named defendants, and each

2  of them, are negligently or in some manner legally responsible to Plaintiff for the events

3  and happenings herein referred to and proximately caused damages to Plaintiff as set forth

4  herein.  Plaintiff will seek leave of court to amend this Complaint to insert the true names

5  and capacities of said fictitiously named defendants, and each of them, when the same have

6  been ascertained.

7  4.    Plaintiff is informed and believes and thereon alleges that each of the defendants was the

8  parent, subsidiary, agent, partner, joint venturer, co-conspirator, lessor, lessee, and/or

9  employee of each of the remaining defendants, and others named herein as DOE

10  defendants, and in doing the acts or things alleged herein were acting within the course and

11  scope of said agency, employment and/or other relationship stated herein and/or ratified the

12  acts of one another.

13  5.    On or about October 29. 2005, plaintiff PATRICIA ESCALANTE PEREZ was a restrained

14  passenger in the right front seat of a 2004 Ford Mustang, licence plate number SKIW463

15  (hereinafter referred to as "subject vehicle"), which, because of its defective condition in

16  manufacture, design, warning, maintenance and/or repair, caused plaintiff PATRICIA

17  ESCALANTE PEREZ to suffer permanent  physical injuries and other physical and  mental

18  injuries, resulting in a permanent disability, as hereinafter set forth.

19  6.    At all times mentioned herein, Defendants, and each of them, did so negligently, carelessly,

20  recklessly, intentionally, and/or otherwise wrongfully design, build, manufacture, construct,

21  assemble, advertise, test, distribute, process, install, manage, inspect, maintain, repair,

22  modify, improve, own, lease, entrust, use, rent, sell, operate, supply, the subject vehicle,

23  and each of its related parts and systems, so as to proximately cause severe injuries and

24  damages to Plaintiff.

25  7.    At all times mentioned herein, the subject vehicle, and its related parts and systems were in

26  a defective and/or dangerous condition due to, including but not limited to, lack of

27  structural integrity to protect a restrained passenger such as plaintiff PATRICIA

28  ESCALANTE PEREZ in a foreseeable collision, when the vehicle turned over one time

2

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

1   and the passenger door on Plaintiff's side of the vehicle came loose and separated from the

2   vehicle causing the plaintiff's lower body to protrude from the vehicle and thereby cause

3   her lower extremities to make contact with the dirt in the field where the car had landed,

4   resulting in catastrophic injuries to Plaintiff's lower extremities so as to cause permanent

5   damage to Plaintiff. The vehicle's improper design, manufacture and/or warnings and/or

6   lack of warnings regarding the lack of structural integrity, crush defects and defects in

7   design and/or manufacture and/or warnings and/or lack of warnings regarding the vehicle's

8   load distribution, its seats, seat belts, doors, padding, and their related parts and systems;

9   other numerous defects in design, manufacture, warnings, lack of warnings, inspection,

10  and/or lack of inspection, maintenance and/or lack of maintenance and/or repair and/or lack

11  of repair and/or other wrongdoing, which taken either separately or collectively, were

12  substantial factors in proximately causing the severe injuries and damages to Plaintiff as set

13  forth hereinbelow.

14  8.   As a proximate result of the negligence, carelessness, intentional acts, reckless acts and/or

15  other wrongdoing of defendants, and each of them, plaintiff PATRICIA ESCALANTE

16  PEREZ has been injured in her health, strength and activity and has sustained grievous

17  injury to her body and profound shock and injury to her person and nervous system. Said

18  injuries will result in permanent disability to Plaintiff, all to her general damage in a sum as

19  yet uncertain, in excess of the minimum jurisdiction of this court. Plaintiff will seek leave

20  of court to plead and prove her general damages, according to proof at time of trial,

21  together with interest and/or prejudgment interest thereon at the legal lawful rate.

22  9.   As a further direct and proximate result of the negligence, carelessness, intentional acts,

23  reckless acts and/or other wrongdoing of Defendants, and each of them, plaintiff

24  PATRICIA ESCALANTE PEREZ has been in the past and will be required in the future, to

25  incur expenses to employ physicians, surgeons, psychologists and/or psychiatrists, nurses,

26  therapists, caregivers, and other health care related persons, to exam, treat, and care for her

27  for the remainder of her life. The exact amount of said expenses are unknown to Plaintiff

28  and Plaintiff will seek leave of court to plead and prove the exact amount of said expenses

1    at time of trial, according to proof.

2    10.    As a further direct and proximate result of the negligence, carelessness, intentional acts,

3    reckless acts and/or other wrongdoing of defendants, and each of them, plaintiff PATRICIA

4    ESCALANTE PEREZ will be prevented from obtaining any occupation, and/or has had her

5    capacity to engage in gainful employment diminished, all to her damage in an amount

6    currently unknown. Plaintiff will seek leave of court to plead and prove the amount of lost

7    income according to proof at time of trial.

8    11.    As a further direct and proximate result of the negligence, carelessness, intentional acts,

9    reckless acts and/or other wrongdoing of Defendants, and each of them, Plaintiff has and

10    will incur incidental and/or consequential damages in an amount unknown at this time.

11    Plaintiffs will seek leave of court to plead and prove the amount of lost income according

12    to proof at trial, together with interest and/or pre-judgment interest thereon at the legal

13    lawful rate.

14    12.    Plaintiff will further seek pre-judgment interest on all items of damages, including

15    economic and non-economic damages. These will include, but are not limited to, past

16    future medical expenses, any lost wages, and any and all incidental expenses and

17    compensatory damages as permitted by law.

18         WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

19    hereinafter set forth.

20         1.    General damages in excess of the minimum jurisdiction of this court, according to

21    proof at trial;

22         2.    Damages for loss of earnings and earning capacity, past, present and future,

23    according to proof at trial;

24         3.    Damages for medical and incidental expenses, past, present and future, according to

25    proof at trial;

26         4.    Incidental and consequential expenses incurred, according to proof at trial;

27         5.    Interest and/or pre-judgment interest on all damages sought and/or incurred herein

28    at the legal lawful rate;

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

4

COMPLAINT FOR PERSONAL INJURIES

6.    Costs of suit incurred herein; and

7.    Such other and further relief as the court may deem proper.

Dated:  October 10, 2007

WILCOXEN CALLAHAN MONTGOMERY & DEACON

By _____

WILLIAM M. LYONS
Attorneys for Plaintiffs

5

COMPLAINT FOR PERSONAL INJURIES

**EXHIBIT B**

1  **WILCOXEN CALLAHAN MONTGOMERY & DEACON**
   WILLIAM M. LYONS, State Bar No.042558
2  2114 K Street
   Sacramento, CA 95816
3  Telephone:    916/442-2777
   Facsimile:    916/442-4118
4  Attorney for Plaintiff

F I L E D

OCT 15

ALEX CALVO, CLERK
BY KAREN LAI
DEPUTY, SANTA CRUZ COUNTY

5

6

7

8                SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

9

10 PATRICIA ESCALANTE PEREZ,                    Case No.  CU1 58374

11              Plaintiff,                       COMPLAINT FOR PERSONAL INJURIES
                                                 (Damages in Excess of $25,000)
12 v .

13 FORD MOTOR COMPANY; and DOES 1
   through 100, inclusive,
14
                Defendants.
15 _____/

16                         **FIRST CAUSE OF ACTION**

17         COMES NOW plaintiff, PATRICIA ESCALANTE PEREZ, and alleges as and for a first

18 cause of action against defendants, FORD MOTOR COMPANY and  DOES 1 through 100 as

19 follows:

20 1.    At all times mentioned herein, defendants FORD MOTOR COMPANY was a company

21       and/or other business entity authorized to do business and/or doing business in the State of

22       California, County of Sacramento, and were the distributors and/or designers and/or

23       manufacturers of the subject vehicle set forth below.

24 2.    At all times mentioned herein, the damages and/or injuries incurred by Plaintiff occurred in

25       the County of Santa Cruz, State of California.

26 3.    The true names and capacities of defendants, and each of them, sued herein as DOES 1

27       through 100, inclusive, are presently unknown to Plaintiff who therefore sues said

28       defendants by such fictitious names, pursuant to Code of Civil Procedure §474.  Plaintiff is

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

                                      1

                        COMPLAINT FOR PERSONAL INJURIES

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

1    informed and believes and thereon alleges that the fictitiously named defendants, and each

2    of them, are negligently or in some manner legally responsible to Plaintiff for the events

3    and happenings herein referred to and proximately caused damages to Plaintiff as set forth

4    herein.  Plaintiff will seek leave of court to amend this Complaint to insert the true names

5    and capacities of said fictitiously named defendants, and each of them, when the same have

6    been ascertained.

7  4.    Plaintiff is informed and believes and thereon alleges that each of the defendants was the

8    parent, subsidiary, agent, partner, joint venturer, co-conspirator, lessor, lessee, and/or

9    employee of each of the remaining defendants, and others named herein as DOE

10    defendants, and in doing the acts or things alleged herein were acting within the course and

11    scope of said agency, employment and/or other relationship stated herein and/or ratified the

12    acts of one another.

13  5.    On or about October 29. 2005, plaintiff PATRICIA ESCALANTE PEREZ was a restrained

14    passenger in the right front seat of a 2004 Ford Mustang, licence plate number SKIW463

15    (hereinafter referred to as "subject vehicle"), which, because of its defective condition in

16    manufacture, design, warning, maintenance and/or repair, caused plaintiff PATRICIA

17    ESCALANTE PEREZ to suffer permanent  physical injuries and other physical and  mental

18    injuries, resulting in a permanent disability, as hereinafter set forth.

19  6.    At all times mentioned herein, Defendants, and each of them, did so negligently, carelessly,

20    recklessly, intentionally, and/or otherwise wrongfully design, build, manufacture, construct,

21    assemble, advertise, test, distribute, process, install, manage, inspect, maintain, repair,

22    modify, improve, own, lease, entrust, use, rent, sell, operate, supply, the subject vehicle,

23    and each of its related parts and systems, so as to proximately cause severe injuries and

24    damages to Plaintiff.

25  7.    At all times mentioned herein, the subject vehicle, and its related parts and systems were in

26    a defective and/or dangerous condition due to, including but not limited to, lack of

27    structural integrity to protect a restrained passenger such as plaintiff PATRICIA

28    ESCALANTE PEREZ in a foreseeable collision, when the vehicle turned over one time

2

1    and the passenger door on Plaintiff's side of the vehicle came loose and separated from the

2    vehicle causing the plaintiff's lower body to protrude from the vehicle and thereby cause

3    her lower extremities to make contact with the dirt in the field where the car had landed,

4    resulting in catastrophic injuries to Plaintiff's lower extremities so as to cause permanent

5    damage to Plaintiff. The vehicle's improper design, manufacture and/or warnings and/or

6    lack of warnings regarding the lack of structural integrity, crush defects and defects in

7    design and/or manufacture and/or warnings and/or lack of warnings regarding the vehicle's

8    load distribution, its seats, seat belts, doors, padding, and their related parts and systems;

9    other numerous defects in design, manufacture, warnings, lack of warnings, inspection,

10    and/or lack of inspection, maintenance and/or lack of maintenance and/or repair and/or lack

11    of repair and/or other wrongdoing, which taken either separately or collectively, were

12    substantial factors in proximately causing the severe injuries and damages to Plaintiff as set

13    forth hereinbelow.

14  8.    As a proximate result of the negligence, carelessness, intentional acts, reckless acts and/or

15    other wrongdoing of defendants, and each of them, plaintiff PATRICIA ESCALANTE

16    PEREZ has been injured in her health, strength and activity and has sustained grievous

17    injury to her body and profound shock and injury to her person and nervous system. Said

18    injuries will result in permanent disability to Plaintiff, all to her general damage in a sum as

19    yet uncertain, in excess of the minimum jurisdiction of this court. Plaintiff will seek leave

20    of court to plead and prove her general damages, according to proof at time of trial,

21    together with interest and/or prejudgment interest thereon at the legal lawful rate.

22  9.    As a further direct and proximate result of the negligence, carelessness, intentional acts,

23    reckless acts and/or other wrongdoing of Defendants, and each of them, plaintiff

24    PATRICIA ESCALANTE PEREZ has been in the past and will be required in the future, to

25    incur expenses to employ physicians, surgeons, psychologists and/or psychiatrists, nurses,

26    therapists, caregivers, and other health care related persons,  to exam, treat, and care for her

27    for the remainder of her life. The exact amount of said expenses are unknown to Plaintiff

28    and Plaintiff will seek leave of court to plead and prove the exact amount of said expenses

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

3

1    at time of trial, according to proof.

2    10.    As a further direct and proximate result of the negligence, carelessness, intentional acts,

3    reckless acts and/or other wrongdoing of defendants, and each of them, plaintiff PATRICIA

4    ESCALANTE PEREZ will be prevented from obtaining any occupation, and/or has had her

5    capacity to engage in gainful employment diminished, all to her damage in an amount

6    currently unknown.  Plaintiff will seek leave of court to plead and prove the amount of lost

7    income according to proof at time of trial.

8    11.    As a further direct and proximate result of the negligence, carelessness, intentional acts,

9    reckless acts and/or other wrongdoing of Defendants, and each of them, Plaintiff has and

10    will incur incidental and/or consequential damages in an amount unknown at this time.

11    Plaintiffs will seek leave of court to plead and prove the amount of lost income according

12    to proof at trial, together with interest and/or pre-judgment interest thereon at the legal

13    lawful rate.

14    12.    Plaintiff will further seek pre-judgment interest on all items of damages, including

15    economic and non-economic damages.  These will include, but are not limited to, past

16    future medical expenses, any lost wages, and any and all incidental expenses and

17    compensatory damages as permitted by law.

18    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

19    hereinafter set forth.

20    1.    General damages in excess of the minimum jurisdiction of this court, according to

21    proof at trial;

22    2.    Damages for loss of earnings and earning capacity, past, present and future,

23    according to proof at trial;

24    3.    Damages for medical and incidental expenses, past, present and future, according to

25    proof at trial;

26    4.    Incidental and consequential expenses incurred, according to proof at trial;

27    5.    Interest and/or pre-judgment interest on all damages sought and/or incurred herein

28    at the legal lawful rate;

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

4

6.     Costs of suit incurred herein; and

7.     Such other and further relief as the court may deem proper.

Dated:  October 10, 2007

WILCOXEN CALLAHAN MONTGOMERY & DEACON

By _____

WILLIAM M. LYONS
Attorneys for Plaintiffs

WILCOXEN CALLAHAN MONTGOMERY & DEACON
2114 K Street, Sacramento, California 95816

5

COMPLAINT FOR PERSONAL INJURIES

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ford Motor Company; and Does 1 through 100 inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Patricia Escalante Perez

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CV1 58374 |
|---|---|

Santa Cruz Superior Court
701 Ocean Street, Room 110

Santa Cruz, CA 95060

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William M. Lyons, SBN 042558                                      916-442-2777    916-442-4118
Wilcoxen Callahan Montgomery & Deacon
2114 K Street
Sacramento, CA 95816

DATE: *(Fecha)* OCT 1 5 2007     ALEX CALVO   Clerk, by *(Secretario)* KAREN LAI , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
701 Ocean Street
Santa Cruz, CA, 95060

*For Court Use Only*

PLAINTIFF:   PATRICIA ESCANLANTE PEREZ

DEFENDANT:  FORD MOTOR COMPANY

**CASE MANAGEMENT INFORMATION AND SETTING**

CASE NO:
**CISCV158374**

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT.  THE DATE BELOW <u>DOES NOT EXTEND</u> THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.**

The first Case Management Conference hearing date is:

Date: 02/13/08                Time:  8:29                Department No.:   9

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

CMC

1  H. GRANT LAW (SBN 144505)
   AMIR NASSIHI (SBN 235936)
2  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
3  San Francisco, California 94104-2828
   Telephone:    (415) 544-1900
4  Facsimile:    (415) 391-0281

5  Attorneys for Defendant
   FORD MOTOR COMPANY
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SANTA CRUZ

10

11  PATRICIA ESCALANTE PEREZ,              Case No. CV158374

12              Plaintiff,

13      vs.                                 **DEFENDANT FORD MOTOR
                                            COMPANY'S ANSWER TO COMPLAINT**
14  FORD MOTOR COMPANY; and Does 1
    through 100, inclusive,
15
                Defendants
16

17

18      Ford Motor Company ("Defendant"), answers Plaintiff's Complaint as follows:

19      Under section 431.30 of the Code of Civil Procedure, Defendant denies all of the allegations

20  in the Complaint, each cause of action, and further denies that Plaintiff sustained the damages

21  alleged, or at all.

22                          **FIRST AFFIRMATIVE DEFENSE**

23      1.      The Complaint fails to state a cause of action against Defendant.

24                          **SECOND AFFIRMATIVE DEFENSE**

25      2.      If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages

26  were directly and proximately caused by the negligence of Plaintiff, and Plaintiff's recovery, if any,

27  should be reduced in proportion to the amount of her comparative fault.

28  //

133145V2

## THIRD AFFIRMATIVE DEFENSE

3.    If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the comparative fault of others, whether or not parties to this action, and Plaintiff's recovery, if any, should be reduced in proportion to the amount of the comparative fault of said parties.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendant alleges that at the time of the injuries alleged in the complaint, Plaintiff was employed and was entitled to, and did and will receive worker's compensation benefits from Plaintiff's employer; that Plaintiff's employer was negligent in and about the matters referred to in said complaint and that such negligence on the part of said employer proximately, legally and concurrently contributed to the happening of the accident and to the loss and damage complained of by Plaintiff, if any there were; and that by reason thereof, defendant is entitled to set off any such benefits received or to be received by Plaintiff against any judgment which may be rendered in favor of Plaintiff herein.

## FIFTH AFFIRMATIVE DEFENSE

5.    The causes of action Plaintiff attempts to state in her Complaint are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1 and 337.

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff, with full appreciation of the particular risks involved, knowingly and voluntarily assumed the risks and hazards of the activity complained of and the damages, if any, resulting therefrom.

## SEVENTH AFFIRMATIVE DEFENSE

7.    If Plaintiff was damaged, as alleged in the Complaint or at all, such damages were caused by the unforeseeable alteration and/or abnormal or improper use of the product in question.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff failed to mitigate her damages, if any.

2

133145V2

### NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff is barred from any recovery because Plaintiff, or others acting with the permission, consent or knowledge of Plaintiff, knowingly or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold and/or spoliated the subject vehicle and/or component parts of the vehicle which were known to Plaintiff or such others to be critical evidence in the instant litigation.

### TENTH AFFIRMATIVE DEFENSE

10.     The sole proximate and legal cause of injuries and damages, if any, allegedly suffered by the Plaintiff was the failure, refusal, or omission to follow the warnings, cautions, instructions, or other writings accompanying the subject product, for which such act or omission Defendant is not legally or otherwise responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff, by her own acts or conduct, is estopped from asserting any claims or damages or seeking any other relief whatsoever against Defendant.

### TWELVTH AFFIRMATIVE DEFENSE

12.     Plaintiff, by her own acts or conduct, have waived and/or released all claims, if any, against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The negligence of Plaintiff was a superseding, intervening cause of the accident and Plaintiff's injury.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant gives notice that it intends to rely on other defenses that become available during discovery in this case and reserves the right to amend it's answer to assert any such defense.

//

//

//

3

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

133145V2

1    Wherefore, Defendant prays as follows:

2    1.    that Plaintiff takes nothing by way of her Complaint;

3    2.    that Defendant be awarded costs of suit;

4    3.    that Defendant be awarded reasonable attorneys' fees; and

5    4.    for such other and further relief as the Court deems just and proper.

6

7

8    December 6, 2007                                    Respectfully submitted,

9                                                        SHOOK, HARDY & BACON L.L.P.

10

11                                                       By: _____

12                                                           H. GRANT LAW
                                                             AMIR NASSIHI

13                                                       Attorneys for Defendant
                                                         FORD MOTOR COMPANY
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

133145V2

## PROOF OF SERVICE VIA U.S. MAIL

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 333 Bush Street, Suite 600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

### CROSS-DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

on the interested parties named herein and in the manner indicated below:

William M. Lyons                              Attorney for Plaintiff
Wilcoxen, Callahan, Montgomery & Deacon
2114 K Street
Sacramento, CA 95816
Tel: 916.442-2777
Fax: 916.442-4118

_X_    **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed [below/above] by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

___    **FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed [above\below]. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

___    **BY EXPRESS MAIL NEXT DAY DELIVERY, AN OVERNIGHT DELIVERY SERVICE:** By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the UNITED PARCEL SERVICE Air Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

___    **E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed [below\above]. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 7, 2007, at San Francisco, California.

Sharon L. Teater

*PROOF OF SERVICE*
*133299v1*