1  H. Grant Law (SBN: 144505)
   hlaw@shb.com
2  Amir Nassihi (SBN: 235936)
   anassihi@shb.com
3  Mia Solvesson (SBN: 246291)
   msolvesson@shb.com
4  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
5  San Francisco, California 94104-2828
   Telephone: 415.544.1900
6  Facsimile: 415.391.0281

7  Attorneys for Defendant
   FORD MOTOR COMPANY
8
   William M. Lyons (SBN: 042558)
9  blyons@wilcoxenlaw.com
   Jennifer L. Hightower (SBN: 238369)
10 jhightower@wilcoxenlaw.com
   WILCOXEN CALLAHAN MONTGOMERY & DEACON
11 2114 K Street
12 Sacramento, California 95816
   Telephone: 916.442.2777
13 Facsimile: 916.442.4118

14
   Attorneys for Plaintiff
15 PATRICIA ESCALANTE PEREZ

16                     UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  PATRICIA ESCALANTE PEREZ, | Case No. 07-06207 JF |
| 20            Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 21       vs. | |
| 22  FORD MOTOR COMPANY; and Does 1 | Date: March 28, 2008<br>Time: 10:30 a.m. |
| 23  through 100, inclusive, | Judge: Honorable Jeremy Fogel<br>Courtroom: 3 |
| 24            Defendants. | |
| 25  | Complaint filed: October 15, 2007 |

26

27       Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Civil L.R. 16-10, the

28  parties have met and conferred, and hereby submit this Joint Case Management Statement.

1

1. **JURISDICTION AND SERVICE**

The complaint was filed on October 15, 2007 in Santa Cruz County Superior Court. Defendant was properly served on October 25, 2007. This action was removed to this Court on December 7, 2007 on the basis of diversity jurisdiction. Jurisdiction is proper because this action was removed in accordance with 28 U.S.C. § 1441(a) and, pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.

2. **FACTS**

On October 29, 2005, Plaintiff was the right, front passenger in a 2004 Ford Mustang traveling northbound on S.R. 1 in Watsonville in Santa Cruz County. David Padilla, the driver of the Mustang, was driving in the #1 lane at a high rate of speed and had passed a few cars in the #2 lane. Padilla abruptly changed lanes to the #2 lane, cutting off the vehicle behind him. Then Padilla attempted to pass another vehicle in the #2 lane by moving into the #3 lane. When he abruptly swerved to the right to move into the #3 lane, he lost control. Padilla reportedly braked as he was turning to the right and the Mustang skidded and spun around several times before going off the right shoulder. Upon leaving the right roadway edge, the Mustang went down an embankment and rolled over several times. The Mustang came to rest on its wheels facing in a south-easterly direction at the bottom of the dirt embankment. The passenger door was ripped off during the crash sequence. Witnesses saw Plaintiff hanging out of the right side of the Mustang after it came to rest. According to Plaintiff's complaint, Plaintiff's lower body protruded from the Mustang and made contact with the dirt field where Mustang landed.

Plaintiff alleges she has sustained grievous crushing injuries to her legs as a result of the accident and has had numerous surgeries. Plaintiff also claims she has had an infection since the accident and may have to have her right leg amputated. Plaintiff is seeking general damages, loss of income, and medical, incidental, and consequential expenses, pre-judgment interest, and costs.

**3.  LEGAL ISSUES**

   **A.  Plaintiff's Legal Contentions**

   Plaintiff claims that the vehicle's improper design, manufacture and/or warnings and/or lack of warnings regarding the vehicle's door latching system were substantial factors in proximately causing the severe injuries and damages to Plaintiff.

   **B.  Defendant's Legal Contentions**

   Defendant disputes Plaintiff's claims. In addition, comparative fault is an issue in this case.

**4.  MOTIONS**

   **A.  Prior and Pending Motions**

   No motions have been heard before this Court.

   **B.  Anticipated Motions**

      a.  Unknown at this time.

**5.  AMENDMENT OF PLEADINGS**

   The parties propose May 6, 2008, as the deadline to amend pleadings.

**6.  EVIDENCE PRESERVATION**

   The subject vehicle involved in this case is critical physical evidence needed to determine whether Defendant is liable to Plaintiff. Therefore, its preservation is crucial to this case. The vehicle will need to be inspected numerous times by experts on both sides to prepare for trial. Plaintiff will continue to preserve the vehicle, and both parties will have equal access to the vehicle.

   The vehicle is currently located at a storage facility in Sacramento. It is owned by Plaintiff's counsel.

**7.  DISCLOSURES**

   The parties will exchange Rule 26 initial disclosures as set out below.

**8.  DISCOVERY**

   The parties propose the following schedule based on a proposed May 18, 2009 trial date:

///

1     **A.**    **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)**: The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than March 21, 2008.

    **B.**    **Non-Expert Discovery Cut-Off**:    November 21, 2008

    **C.**    **Defendant's Request Staggering of Experts Disclosures**

        1.    **Plaintiff's Disclosure of Expert Witnesses and Reports**: December 15, 2008

        2.    **Defendant's Disclosure of Expert Witnesses and Reports**: January 15, 2009

        3.    **Rebuttal reports:** January 22, 2009

    **D**.    **Expert Witness Discovery Cut-Off**: February 20, 2009

    **E.**    **Proposed Changes in Limits On Discovery**:

        1.    Fed. R. Civ. P. 26(b):  None.

        2.    Fed. R. Civ. P. 30(a)(2)(A):  Given the nature of the present case and the number of parties, the parties waive the 10 deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and request 15 depositions per party, not including expert deposition.

        3.    Fed. R. Civ. P. 30(a)(2)(B):  None.

        4.    Fed. R. Civ. P. 30(a)(2)(C):  None.

        5.    Fed. R. Civ. P. 30(d)(2):  None anticipated.

        6.    Fed. R. Civ. P. 33(a):  None.

    **F.**    **Need for a Protective Order**:  The parties anticipate that a protective order will be necessary in this case.  Defendant will initiate the drafting of a proposed protective order.

    **G.**    **Timing/Sequencing/Phasing/Scheduling of Discovery**:  The parties do not propose any timing, sequencing, phasing, or scheduling of discovery other than what is set forth in the parties' detailed discovery plan.  As set out in the plan, Defendant requests a staggering of expert disclosures.  The reasons for such a staggering include:  (1) Plaintiff has the burden of proof, so she should disclose her case for defect and damages first; (2) because of the number of theories available to the Plaintiff, simultaneous disclosure places an undue burden on Defendant,

1  who will have to address each potential theory in the absence of specific allegations (or early
2  disclosure) by Plaintiff; (3) staggered disclosure permits both Plaintiff and Defendant to focus
3  their defect damages theories, minimizing waste of party and judicial resources.

4  **H.    Proposed Date for Mid-Discovery Status Report and Conference**: The parties
5  propose a mid-discovery conference date of September 26, 2008, with a joint status report to be
6  filed on September 19, 2008.

7  **I.    Discovery Relating to Electronic, Digital, and/or Magnetic Date**: The parties
8  discussed the exchange of electronically stored information during their Rule 26 conference as
9  contemplated by the Federal Rules of Civil Procedure.  At that time, Ford described various
10 sources of ESI that it would produce in responding to the allegations in this case.  The parties
11 further discussed the planned production format of certain document compilations, and issues
12 related to specific software that may be required to view these materials.

13 The parties did not perceive any issues related to ESI at this time.  However, should
14 electronic discovery issues arise, the parties agreed to meet and confer in a good faith effort to
15 attempt to resolve any such issues prior to moving the court for relief.

16 **9.   CLASS ACTIONS**
17 N/A.
18 **10.  RELATED CASES**
19 N/A.  There are no known cases that should be consolidated with this case.
20 **11.  RELIEF**
21 Defendant seeks dismissal of this suit, costs, and attorney's fees incurred as a
22 consequence of this action.
23 **12.  SETTLEMENT AND ADR**
24 Plaintiff and Defendant have agreed to engage in private mediation with JAMS.
25 **13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**
26 A declination to proceed before a magistrate was previously filed in this case by
27 Defendant.  Accordingly, this case was transferred from Magistrate Patricia V. Trumbull to this
28 Court.

**14. OTHER REFERENCES**

N/A.

**15. NARROWING OF ISSUES**

The parties agree it is premature at this time to narrow the issues because discovery has not yet begun.

**16. EXPEDITED SCHEDULE**

See Section 18 below.

**17. SCHEDULING**

    **A.** **Non-Dispositive and Dispositive Pretrial Motions:** April 13, 2009

    **B.** **Final Pretrial Conference:** May 4, 2009

**18. TRIAL**

Defendant requests a trial date of May 18, 2009.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On December 7, 2007, Defendant Ford Motor Company filed its Certification of Interested Entities or Persons, stating that no other parties have a direct, pecuniary interest in the outcome of this case.

**20. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

N/A.

Dated: March 21, 2008

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Mia O. Solvesson
    H. GRANT LAW
    AMIR NASSIHI
    MIA O. SOLVESSON

Attorneys for Defendant
FORD MOTOR COMPANY

Dated: March 21, 2008

Respectfully submitted,

WILCOXEN CALLAHAN MONTGOMERY & DEACON

By:   /s/  William M. Lyons
     WILLIAM M. LYONS
     JENNIFER L. HIGHTOWER

     Attorneys for Plaintiff
     PATRICIA ESCALANTE PEREZ